HOUSTON, Justice
(dissenting).
I adopt Judge Shaw’s dissent to the Court of Criminal Appeals’ opinion as my special writing.
The Court of Criminal Appeals ordered Judge Witters to file an answer to Fowler’s petition for a writ of mandamus. Judge Witters did so by filing an affidavit, which was in the nature of a plea of confession and avoidance. He admitted that he told Fowler what Fowler said he had told him (“If you are found guilty by the jury, you will receive a greater sentence than you did in District Court.”); he explained why he said what he said (“... Attorneys for Appellants were not telling their clients they could be sentenced to more time if convicted in Circuit Court than what they got in District or Municipal Court.... Appellant needs to be informed about all possible sentence ranges.”); he avoided the confession by what he swears he in fact does (“Defendants are sentenced on a case-by-case basis and may or may not receive a greater sentence based on the facts and the recommendation of the prosecutor.”).
*1147 If Fowler is found guilty by a jury in the circuit court and if Judge Wilters remains on the case and indeed imposes a greater sentence than Fowler received in the district court, Fowler will have an adequate remedy by appeal.